STATE *vs.* DEXTER & NEWPORT RAILROAD COMPANY.

Penobscot.    Opinion January 7, 1879.

*Taxes—exemption from.    Railroad.    Corporation.    Constitutional law.*

The charter of the Dexter & Newport Railroad Company first states what taxes the corporation shall be required to pay, and then adds that no other tax than that therein provided for shall ever be levied or assessed upon the corporation, or any of its privileges or franchises, and that no other or further duties, liabilities, or obligations shall be imposed upon the corporation. *Held,* that these provisions create an express limitation upon the power of the legislature, in relation to taxation, and secure to the corporation a perpetual and irrepealable exemption from any other tax than that provided for in its charter. *Held,* further, that it is now too late to question the constitutionality of such exemptions, the supreme court of the United States, in recent decisions, having fully and repeatedly sustained their constitutionality.

ON FACTS STATED.

IN A PLEA OF DEBT, for that the said defendant, the Dexter & Newport Railroad Company, now is, and was, on the first day of April, A. D. 1874, a railroad corporation, existing under the laws of the state of Maine, and doing business therein, and whose lines of railroad are, and then were, wholly within the said state, and the governor and council of said state, at a session held at Augusta, the seat of government of said state, on the 24th day of April, A. D. 1874, did, according to the statute, in such case made and provided, ascertain the true market value of the shares of said corporation on the first day of April, A. D. 1874, to be sixty-five dollars per share.    And did, then and there, estimate therefrom the fair cash value of all the said shares constituting the capital stock of said corporation on said first day of April, to be seventy-nine thousand three hundred dollars.    And from this last sum did, then and there, deduct the value of the real estate and other property of said corporation actually subject to local taxation, to wit: none ; and did, then and there, assess upon said corporation a tax of one and one-half per cent of said sum of seventy-nine thousand three hundred dollars, as a tax upon its corporate franchise, to be paid by said corporation into the treasury of said state, to wit: the sum of eleven hundred and eighty-nine dollars and fifty cents.

And thereupon, according to the statute, in such case made and provided, the secretary of state, of said state of Maine, at said Augusta, on said 24th day of April, A. D. 1874, did certify to the state treasurer of said state, all the aforesaid doings of the governor and council aforesaid, and the said treasurer, thereupon, to wit : On the 24th day of April aforesaid, did notify the said defendant corporation thereof. And by force of said proceedings of the said governor and council, and secretary of state, and state treasurer, and by force of the statute, in such case made and provided, the said defendant corporation then and there became indebted to the said state of Maine in said sum of eleven hundred and eighty-nine dollars and fifty cents, and liable and obliged to pay said sum into the treasury of said state, one-half thereof on or before the first day of July then next thereafter, and one-half thereof on or before the first day of January then next thereafter ; and said first days of July and January aforesaid have long since past, whereby, and by force of the statute, in such case made and provided, an action hath accrued to said state of Maine, to recover from said defendant corporation said amount of said tax, to wit : eleven hundred eighty-nine dollars and fifty cents, with legal interest on the same from the time the same became payable, as aforesaid.

There were three other similar counts for taxes for the years 1875-6-7 respectively.

Plea, *nil debet*, with brief statement, as follows :

I. That they are protected from any such taxation as plaintiffs claim, by their original charter.

II. That they are further protected from such taxation by c. 395, of the private and special laws of 1867, and of the proceedings of defendants, and of the towns of Dexter and Corinna, and of defendant stockholders, in consequence of or subsequent to the passage of said act.

III. That they are not embraced or comprehended by the act, c. 258, public laws of 1874.

Statement of facts : This is an action to recover state taxes, assessed on the defendants' franchise, under c. 258, public laws of 1874. The defendant company is a railroad corporation, incor-

porated under the laws of Maine, holding their first meeting of the corporators August 20, 1866, and their first meeting of stockholders April 3, 1867, at which time the organization of the stockholders as a corporation was complete.   The company own a railroad from Dexter' to Newport, in Penobscot county, under their charter.   All acts of the legislature, public or private and special, relating to defendant company, are made a part of the case.   The declaration and plea are made a part of the case.

It is admitted that the valuations were made, the taxes assessed, and the company notified thereof, as alleged in the declaration; that defendants, on April 3, 1867, duly accepted the act, c. 192, private and special laws of 1867, and the towns of Dexter and Corinna duly accepted the same at their annual town meetings in March, 1867; the respective town clerks immediately made proper records, and the act took effect and went into full operation, all as provided in § 11 of said act.   Subsequently and previous to, and on September 2, 1867, all the requirements of § 2 of said act, had been complied with.   On that day the towns of Dexter and Corinna duly issued their bonds as contemplated in said act, Dexter to the amount of $125,000, Corinna to the amount of $50,000, (said towns having previously voted so to do at their previous annual town meetings) and took a mortgage of the railroad, etc., as provided in § 4 of said act.

Subsequently to the passage,—March 1, 1867, of c. 395, private and special laws of that year—" an act to exempt from taxation the capital stock of certain railroad companies for a term of years," and previous to April 3, 1867, a large amount of the capital stock of defendants was subscribed.   On that day, April 3, said act was duly and formally accepted by defendants, and subsequently thereto, and previous to September 2, 1867, an additional amount of $24,300 was subscribed, of which the town of Dexter duly subscribed $10,000, in accordance with a legal vote of the town at a legal town meeting held May 6, 1867; said $24,300 making 243 shares of the capital stock.   One of the prominent considerations held out by the agents of defendants to the parties who became subscribers to induce them to subscribe, both from March 1st and from April 3, 1867, was the representations by the agents that the

capital stock was exempt from taxation for the term of ten years, in accordance with said c. 395, and these representations had a strong influence in inducing the subscribers to subscribe. The proviso in c. 395 was duly complied with.

The defendants have duly complied with all the requirements of §. 1, c. 258, public laws, 1874. The railroad of defendants was open for travel, commencing November 25, 1868.

All records of the Dexter & Newport railroad company, and of its directors, and of the town clerks of Corinna and Dexter, are admitted and may be referred to, and such copies may be made as either party requires.

Upon so much of the foregoing facts as would be legally admissible in evidence upon a trial, judgment is to be rendered as the same and admissible facts required.

*L. A. Emery*, attorney general, for the state, contended that c. 395 of the laws of 1867, exempting the shares of the capital stock of the company for ten years was unconstitutional. The company had been incorporated long before. This was an attempt not to create a new corporation, but to exempt the members of the corporation from their shares of the public burden. He recognized the right of the legislature to specify what classes and kinds of property shall be exempt from taxation, the right to enact that shares in incorporated companies, or shares in railroad corporations shall not be taxed; but whatever it does enact, must be general and apply to every individual of the class. *Brewer case*, 62 Maine, 62; c. 395 is repealable, it is not within the clause of the U. S. constitution prohibiting the impairment of the obligation of contracts. It is not a contract with anybody. He made a distinction; a tax may be on the franchise of a corporation, or upon the shares of corporation stock. In the one case the individual share holders would be liable; in the other, not. The tax act of 1874 does not infringe upon the act of 1867. The exemption is of tax upon shares; the tax imposed is upon the franchise. A tax upon shares does not prevent a contemporary tax upon the franchise. Cooley on taxation, 169, 170. The converse then is true. If the statute of 1867 is unconstitutional and irrepealable, no act of the parties can bolster it up.

Again, the act of 1867 is limited by the act of 1831, which makes all acts of incorporation liable to be amended, altered, or repealed, at the pleasure of the legislature, and the act of 1867 was virtually repealed by the act of 1874, there being no " express provision to the contrary." Implication is not express limitation. That limitation must be inserted in the act of incorporation, not looked for in a subsequent statute.

This reserved right of repeal takes this 15th section out of the provisions of the U. S. constitution, because by it the state has made the right of rescission and alteration a part of the contract, and in repealing or altering the 15th section the state has acted in pursuance of the contract, not in violation of it.

*J. Crosby,* for the defendants, admitted that there was a good and useful distinction in certain cases between taxation of shares of capital stock and taxation of a franchise, where the tax is sought to be assessed in the one case upon the whole property, and in the other upon the individual owners in their respective localities; but the counsel contended that a distinction is not to be allowed which kills the spirit of a contract, though it does not violate the letter.

To the point made by the attorney general that the charter was made subject to the act of 1831, because there was no " express provision to the contrary " therein, cited the closing sentence of section 15th of the charter, " but no other tax than herein is provided shall ever be levied or assessed on said corporation or any of their privileges or franchises," and intimated that the section was drawn by the late Judge Cutting, intending it to be an express limitation or provision to the contrary. He said it was the only section in their charter which was not subject to the act of 1831. It was the tender point of " taxation." The limitation was screwed on to the word itself.

WALTON, J. The question is whether the Dexter & Newport railroad company is exempt from taxation other than that provided for in its charter.

We think it is. Section 15 of its charter, after providing for a tax upon its real estate, and upon its shares, and upon its net

income above ten per cent, declares that " no other tax than that therein provided for shall ever be levied or assessed on said corporation or any of its privileges or franchises," and section 17, after stating that the legislature shall have the right to pass all laws necessary to compel a compliance with the provisions of the charter, adds these emphatic words, " but not to impose any other or further duties, liabilities or obligations."

But it is said that the legislature has a right to alter or repeal these provisions; that since the passage of the act of March 17, 1831, the legislature has the right to amend, alter or repeal all acts of incorporation, unless the act contains an express limitation to the contrary. True, but we think here is an express limitation to the contrary. The charter does not say in so many words that it shall not be amended, altered or repealed, as some of the charters granted in this state have done; but it does most clearly and explicitly place a limitation upon the authority of the legislature to add any new duty, liability or obligation. The language used will admit of no other rational interpretation. A new tax— one not provided for in its charter—would, in the opinion of the court, be not only a new obligation, but one which might be made a very burdensome one.

It is also claimed that the legislature has no authority to surrender the sovereign power of taxation,—that the attempt to do so was unconstitutional and void. It is now too late to contend for such a doctrine. The supreme court of the United States has decided that when no constitutional limitation upon the power of the legislature, in this particular exists, it may create a corporation and secure to it the right of perpetual exemption from taxation, which no subsequent legislature can impair ; and while that court adheres to the doctrine, the state courts have no alternative, but submission ; for it is a doctrine supposed to have its foundation in the federal constitution, which it is the duty of that court ultimately and authoritatively to interpret. The latest decisions of that court, and the only ones necessary to cite, for they cover the whole ground, are *New Jersey* v. *Yard*, 95 U. S. (5 Otto), 104, and *Farrington* v. *Tennessee*, 95 U. S. (5 Otto), 679.

The constitution of this state, as amended in 1875, declares that the legislature shall never, in any manner, suspend or surrender the power of taxation; but in 1853, when the charter of the Dexter & Newport railroad company was granted, it contained no such limitation upon the power of the legislature.

In *State* v. *Maine Central Railroad*, 66 Maine, 488, the court held that that road was liable to the tax assessed, under the act of 1874, c. 258, because its charter contained no express limitation to the contrary. We hold that the Dexter & Newport Railroad is not liable to be taxed under that act, because its charter does contain an express limitation to the contrary.

*Judgment for defendants.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.